1
2
3
4
5
6
7
8
9
10
11
12

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RICKY COCHRAN, et al.,

Plaintiffs,

v.

ACCELLION, INC., et al.,

Defendants.

Case No.   5:21-cv-01887-EJD

**ORDER DENYING MOTION TO INTERVENE**

Re: Dkt. No. 57

Following an unauthorized data breach of Plaintiffs' sensitive personal information, Plaintiffs filed a putative class action alleging that Defendants failed to secure their information in violation of various state and federal laws.  Complaint ¶¶ 1–11, Dkt. No. 1.  James Jones, Tina Govaert, Lenora Doty, Tracy Simpson, Elizabeth Shaw, Ann Marie Strohm, Kevin Corbett, Eula Douglas, Delilah Parker, Alexander Buck, Caren-Butler Alexander, Karen Godovchik, and Michael Godovchik (hereinafter "Proposed Intervenors") seek to intervene in this action and oppose preliminary approval of the Parties' proposed settlement.  Notice of Motion and Motion to Intervene ("Mot."), Dkt. 57.  Plaintiffs and Defendants both oppose Proposed Intervenor's motion to intervene.  Having considered the Parties' papers and having had the benefit of oral argument on October 28, 2021, the Court **DENIES** Proposed Intervenor's motion to intervene.

I.      BACKGROUND

In December 2020, Defendant Accellion notified its clients that it had experienced a data breach.  First Amended Complaint ("FAC") ¶ 31, Dkt. No. 27.  In February 2021, Kroger publicly confirmed that the personal information of its pharmacy customers and employees was compromised in the data breach.  FAC ¶ 39; *see also* FAC ¶ 42 (Kroger confirmed that "names,

1  email addresses, phone numbers, home addresses, dates of birth, Social Security numbers,

2  information to process insurance claims, prescription information such as prescription number,

3  prescribing doctor, medication names and dates, medical history, as well as certain clinical

4  services, such as whether [the customer] ordered an influenza test" were released (alteration in

5  original) (citation omitted)).

6        Several lawsuits, including this action, were filed after the data breach was announced.  On

7  June 30, 2021, Plaintiffs moved for preliminary approval of a nationwide class action settlement.

8  *See* Motion for Settlement, Dkt. No. 31.  Thereafter, Proposed Intervenors moved to intervene in

9  this action.  *See* Mot. at 1–4.  Both Plaintiffs and Defendants have filed opposition briefs.  Brief of

10  the Kroger Co. in Opposition to Motion to Intervene and in Opposition to Preliminary Approval of

11  Class Settlement, Dkt. No. 85; Plaintiffs' Opposition to Proposed Intervenors' Motion to Intervene

12  and in Opposition to Preliminary Approval of Class Action Settlement, Dkt. No. 87.  On

13  September 9, 2021, Proposed Intervenors filed their reply brief.  Reply in Support of Motion to

14  Intervene and in Opposition to Preliminary Approval of Class Action Settlement, Dkt. No. 89.

15  **II.     LEGAL STANDARD**

16        A court must permit a nonparty to intervene in a pending lawsuit and gain party status if a

17  federal statute confers an unconditional right to intervene.  Fed. R. Civ. P. 24(a)(1).  Where, as

18  here, the nonparty does not claim a right to intervene by a federal statute, the party must show that:

19            (1) it has a 'significant protectable interest' relating to the property or

20            transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's

21            ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

22  *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (citation and quotation marks omitted);

23  *see also* Fed. R. Civ. P. 24(a)(2); *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391

24  ("Generally, Rule 24(a)(2) is construed broadly in favor of proposed intervenors and 'we are

25  guided primarily by practical considerations.'" (quoting *United States v. Stringfellow*, 783 F.2d

26  821, 826 (9th Cir. 1986))).

27

28  Case No.: 5:21-cv-01887-EJD
ORDER DENYING MOTION TO INTERVENE
2

United States District Court
Northern District of California

1    If a party cannot meet the standard to intervene as of right, the Court may still allow

2    permissive intervention.  *See* Fed. R. Civ. P. 24(b)(1)(B) (allowing intervention if the party has a

3    claim or defense that shares with the main action a common question of law or fact).  An applicant

4    who seeks permissive intervention must prove that it meets three threshold requirements: "(1) it

5    shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the

6    court has an independent basis for jurisdiction over the applicant's claims."  *Donnelly*, 159 F.3d at

7    412.  Even if an applicant satisfies those threshold requirements, the court retains discretion to

8    deny intervention.  *See Orange Cty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive

9    intervention is committed to the broad discretion of the district court . . . .").

10   **III.    DISCUSSION**

11   Proposed Intervenors argue that this Court must permit them to intervene under Rule

12   24(a)(2) because the Parties' proposed settlement is deficient and does not protect Proposed

13   Intervenor's interests.  *See* Reply at 4–5.  In the alternative, Proposed Intervenors argue that they

14   should be allowed to permissively intervene under Rule 24(b)(1)(B).  The Court addresses each

15   request in turn.

16   **A.   Intervention as of Right**

17   As noted, to show a right to intervene, a party must show it has (1) a significant protectable

18   interest, (2) which may be impaired or impeded, (3) the application is timely, and (4) lack of

19   adequate representation by the existing parties.  "Failure to satisfy any one of the requirements is

20   fatal to the application, and [the court] need not reach the remaining elements if one of the

21   elements is not satisfied."  *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir.

22   2009).

23   Proposed Intervenors fail to identify a protectable interest that will be impaired if they are

24   unable to intervene.  Proposed Intervenors argue that intervention is required because the terms of

25   the settlement are unfair.  Problematically, there is no "significantly protectable interest incumbent

26   in an opportunity to object to preliminary approval," because "the Court will make its

27   determination as to whether *final* approval should be granted based on the law and facts before it

28   Case No.: 5:21-cv-01887-EJD
ORDER DENYING MOTION TO INTERVENE

United States District Court
Northern District of California

United States District Court
Northern District of California

1    at that point in time . . . and [will] not be influenced by previously granted *preliminary* approval."

2    *Lane v. Facebook, Inc.*, 2009 WL 3458198, at *5 (N.D. Cal. Oct. 23, 2009) (emphasis added).

3    Thus, even assuming Proposed Interveners possess a protectable interest in the final settlement,

4    that interest alone does not support intervention at this stage.  But, even assuming it did, this Court

5    has already twice heard Proposed Intervenors' objections to the proposed settlement—first at the

6    August 2021 hearing regarding preliminary approval of the settlement and again at the hearing

7    regarding this motion.  It is thus impossible for Proposed Intervenors to maintain that intervention

8    is *necessary* to protect their ability to object to the settlement.  *See Arakaki v. Cayetano*, 324 F.3d

9    1078, 1083 (9th Cir. 2003).  Finally, courts in this circuit have consistently held that "intervention

10   of right is unavailable" where, as in this case, the settlement agreement allows the putative

11   intervenors to protect their interests by opting out of the settlement class or participating in the

12   fairness hearing process.  *See, e.g.*, *Zepeda v. PayPal, Inc.*, 2014 WL 1653246, at *4, 8 (N.D. Cal.

13   Apr. 23, 2014) ("Allowing the Putative Interveners to opt out or object to the settlement in the

14   fairness hearings would be far less disruptive than allowing them to intervene, and it would still

15   preserve their interests.").

16        Because the Proposed Intervenors have not demonstrated a significantly protectable

17   interest, the Court **DENIES** their motion to intervene as of right.[1]

18              **B.  Permissive Intervention**

19        In the alternative, Proposed Intervenors move for permissive intervention pursuant to Rule

20   24(b).  Mot. at 9.  A court may grant permissive intervention when the applicant for intervention

21   shows (1) independent grounds for jurisdiction, (2) that the motion is timely, and (3) a common

22   question of law or fact with the applicant's claim or defense and the main action.  *Nw. Forest Res.*

23   *Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996).

24        Although the availability of permissive intervention turns on the existence of a common

25   question of law or fact rather than the potential impairment of a significantly protectable interest, it

26

27   ───────────────

[1] The Court does not reach any timeliness, protectability of interest, or impairment arguments.
*Proposition 8 Official Proponents*, 587 F.3d at 950.

28   Case No.: 5:21-cv-01887-EJD
     ORDER DENYING MOTION TO INTERVENE

1  is discretionary.  For the reasons discussed above as to why intervention is unnecessary in this

2  case—namely that Proposed Intervenors already have been able to participate in the fairness

3  hearings—the Court declines to exercise its discretion to permit intervention.

4  **IV.     CONCLUSION**

5       For the foregoing reasons, Fonseca's request to intervene is **DENIED.**

6       **IT IS SO ORDERED.**

7  Dated: November 5, 2021

8

9

10  EDWARD J. DAVILA
United States District Judge

11

United States District Court
Northern District of California

28  Case No.: 5:21-cv-01887-EJD
ORDER DENYING MOTION TO INTERVENE
5