TINA WOLFSON (SBN 174806)
twolfson@ahdootwolfson.com
ROBERT AHDOOT (SBN 172098)
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Telephone: 310.474.9111
Facsimile: 310.474.8585

ANDREW W. FERICH*
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: 310.474.9111
Facsimile: 310.474.8585

BEN BARNOW*
b.barnow@barnowlaw.com
ANTHONY L. PARKHILL*
aparkhill@barnowlaw.com
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Suite 1630
Chicago, IL 60606
Telephone: 312.621.2000

*Class Counsel* (*admitted *pro hac vice*)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICKY COCHRAN, ALAIN BERREBI, and JARAMEY STOBBE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER CO. and ACCELLION, INC.,<br><br>Defendants. | Case No. 5:21-cv-01887-EJD<br><br>Hon. Edward J. Davila<br><br>**PLAINTIFFS' RESPONSE TO OBJECTION**<br><br>Date: March 24, 2022<br>Time: 9:00 a.m.<br>Room: 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

## I.  INTRODUCTION

The sole objection to this Settlement is brought by many of the same lawyers who filed the competing class action case in the Southern District of Ohio, who unsuccessfully attempted to intervene in this action. The Objection simply retreads a subset of the arguments that Objector Counsel already raised and that the Court already rejected when it preliminarily approved the Settlement. These attorneys filed the objection on behalf of failed intervenors Ann Marie Strohm, Martin Pinales, Caren Butler-Alexander, Karen and Michael Godovchik, and Alexander Buck (collectively, "Objectors"). No other Class Member objected to the Settlement other than those represented by these lawyers, while over 80,000 Class Member submitted Claims.

The Objection also engages in incorrect speculation about the value of claims received (which is directly refuted by the Settlement Administrator verified declaration filed concurrently herewith) and fails to comply with the Objection requirements included in the Preliminary Approval Order. Accordingly, the Objection should be overruled in its entirety. Plaintiffs respectfully request that the Court finally approve the Settlement.

## II.  RELEVANT PROCEDURAL HISTORY

Plaintiffs filed their motion for preliminary approval of a nationwide class action settlement on June 30, 2021. ECF No. 31. James Jones, Tina Govaert, Lenora Doty, Tracy Simpson, Elizabeth Shaw, Ann Marie Strohm, Kevin Corbett, Eula Douglas, Delilah Parker, Alexander Buck, Caren-Butler Alexander, Karen Godovchik, and Michael Godovchik ("Failed Intervenors") moved to intervene in this action ("Motion to Intervene"). ECF No. 57 at 1–4. Failed Intervenors and their counsel variously argued that the Settlement (i) should be rejected because the consideration is unreasonable and inadequate, (ii) is procedurally deficient because their counsel did not participate in the negotiation of the Settlement, and (iii) contained an "unreasonable and unexplained claim projection." They predicted that cash claimants would receive nothing, and then concluded, without any basis, that the Class notice was deficient, and that Class Counsel's fees were excessive. *Id.* Plaintiffs opposed this motion. ECF No. 87. As set forth below, all of these previous contentions, which the Court rejected, are false.

On November 5, 2021, the Court denied intervention and granted preliminary approval of the Settlement. ECF Nos. 98, 99. In denying the Motion to Intervene, the Court reasoned that the "Court has already twice heard Proposed Intervenors' objections to the proposed settlement—first at the August 2021 hearing regarding preliminary approval of the settlement and again at the hearing regarding this motion." ECF No. 99 at 4. That same day, the Court ordered that the Settlement be "preliminarily approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, pending a final hearing on the Settlement as provided herein." ECF No. 98.

On January 14, 2022, Plaintiffs filed their Motion for Final Approval of Class Settlement and Motion for Attorneys' Fees, Reimbursement of Expenses, and for Award of Class Representative Service Payments. ECF Nos. 104, 105.

Late in the day on February 18, 2022, the final day to object to the Settlement, Objector Counsel filed an Objection to the Settlement. ECF No. 107. This was the only objection to the Settlement. Failed Intervenors James Jones, Tina Govaert, Lenora Doty, Tracy Simpson, Elizabeth Shaw, Kevin Corbett, Eula Douglas, Delilah Parker did not join in the Objection.

Objector Counsel[1] are Terence R. Coates (Markovits, Stock & DeMarco, LLC), Jeffrey S. Goldenberg (Goldenberg Schneider, LPA), Bryan L. Bleichner (Chestnut Cambronne PA), Charles E. Schaffer and David C. Magagna, Jr. (Levin, Sedran & Berman, LLP), Robert R. Sparks and Richard S. Wayne (Strauss Troy Co., LPA), Brian D. Flick (DannLaw), William B. Federman (Federman & Sherwood), and Courtland L. Reichman and Jennifer Estremera (Reichman Jorgensen Lehman & Feldberg LLP).[2]

---

[1] Objector Counsel are a subset of the Ohio counsel who previously attempted intervention. Counsel for Failed Intervenors that did not join in the objection include John A. Yanchunis and Ryan D. Maxey (Morgan & Morgan Complex Litigation Group), Rachele R. Byrd (Wolf Haldenstein Adler Freeman & Herz LLP), Gary E. Mason and Gary M. Klinger (Mason Lietz & Klinger LLP), and M. Anderson Berry (Clayeo C. Arnold, A Professional Law Corp). Pursuant to Fed. R. Civ. P. 23(e)(5)(B), no payment or other consideration was provided in connection with those attorneys foregoing or withdrawing an objection in this matter.

[2] While the Objection states that (i) Charles E. Schaffer, (ii) David C. Magagna, Jr., (iii) Robert R. Sparks, (iv) Richard S. Wayne, and (v) Brian D. Flick are admitted to practice in this matter *pro hac vice*, the docket does not reflect this fact.

The Objectors and Objector Counsel make the same unavailing arguments in support of their Objection as they did in seeking to intervene and object at the preliminary approval stage, namely that the consideration provided by the Settlement is unreasonable and inadequate, that the projected Settlement claim rate is too low, and that Class Members seeking the Cash Fund Payment "likely will receive very little money, and perhaps nothing." ECF No. 107. These arguments are meritless.

### III.   LEGAL STANDARD

A settlement should be finally approved if the settlement proposal is "fair, reasonable, and adequate" and notice has been provided in a manner consistent with Rule 23 and due process. Fed. R. Civ. P. 23(e)(2); *Adoma v. Univ. of Phoenix Inc.*, 913 F. Supp. 2d 964, 972 (E.D. Cal. 2012).

Complaining that a settlement simply should be better is not a valid objection. *Browning v. Yahoo Inc.*, No. C04-01463, 2007 WL 4105971, *5 (N.D. Cal. Nov. 16, 2007) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)); *see also Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 17 2012) ("As our precedents have made clear, whether a settlement is fundamentally fair within the meaning of Rule 23(e) is different from the question whether the settlement is perfect in the estimation of the reviewing court").

### IV.   ARGUMENT

#### A.   The Class's Response to the Settlement Was Overwhelmingly Positive

The notice program reached millions of Kroger customers and current and former employees, and as of March 2, 2022, 80,630 Class Members submitted Claim Forms to the Settlement Administrator. Declaration of Camron R. Azari, ECF No. 104-1 ¶¶ 8-29; Concurrently filed Declaration of Orlando Castillejos ("Castillejos Decl.") ¶ 4.

The reaction of the Class was resoundingly positive. The Opt Out and Objection Deadline was February 18, 2022, and out of the 3,825,200 Class Members, only 100 Class Members opted out of the Settlement (*id.* ¶ 7) and only one objection to the Settlement was filed (ECF No. 107). Collectively, those opting out and objecting represent far less than one-tenth of 1% of the total Settlement Class. Comparison of these figures provides powerful evidence of the Settlement's

fairness. *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming approval of settlement with 45 objections and 500 opt-outs from class of 90,000 members, roughly 0.6%); *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) (finding that sixteen opt-outs in class of 329 members, or 4.86%, strongly supported settlement); *Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068-MMC, 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007) (approving settlement with 2% opt-out rate); *Wren v. RGIS Inventory Specialists*, No. C-06-05778-JCS, 2011 WL 1230826, at *11 (N.D. Cal. Apr. 1, 2011) (quoting *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004)) (holding that "'the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members'"); *see also Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365 CW EMC, 2010 WL 1687832, at *14 (N.D. Cal. Apr. 22, 2010) (same); *Riker v. Gibbons*, No. 3:08-cv-00115-LRH-VPC, 2010 WL 4366012, at *5 (D. Nev. Oct. 28, 2010) ("The small number of objections is an indication that the settlement is fair, adequate, and reasonable."); *Stoetzner v. U.S. Steel Corp.,* 897 F.2d 115, 118-19 (3d Cir. 1990) (finding that 29 objections out of a 281–member class "strongly favors settlement").

      The claim rate achieved also supports approval of the Settlement. At preliminary approval, Class Counsel and the Settlement Administrator projected a claim rate of 1-3% based upon their experience and expertise, and in view of the claim rates in similar class action settlements. ECF No. 31. As of March 2, 2022, the claim rate in this matter is approximately 2.1%. This claim rate falls within Class Counsel's projection. In fact, Objector Counsel's own experience in other data breach settlements supports the reasonableness of the claim rate. *See, e.g.*, *Fulton-Green v. Accolade, Inc.*, No. 18-cv-274, ECF Nos. 36-1, 39 (E.D. Pa. Sept. 24, 2019) (an employee data breach settlement led by Charles E. Schaeffer of Levin Sedran that at the time of final approval had received only 16 unvalidated claims with a total facial value of $2,325 and a 1.7% claim rate, along with $300,000 in attorney fees, or $18,750 in fees per unvalidated claim). Moreover, claim rates achieved in previous data breach settlements strongly support the reasonableness of this claim rate:

| Case Title | Class Size (Approx.) | No. of Claims | Claims Rate |
|---|---|---|---|
| *Gordon v. Chipotle Mexican Grill*, No. 1:17-cv-01415 (D. Colo.), ECF 103 at 1 & ECF 124 at ¶ 13 | 10,000,000 | 6,354 | < 0.1% |
| *Target Corp. Customer Data Security Breach Litigation*, MDL No. 14-2522 (D. Minn.), ECF 615 at ¶¶ 4, 14 | 97,447,983 | 225,856 | ~0.2% |
| *The Home Depot Inc. Customer Data Security Breach Litigation*, No. 1:14-md-02583 (N.D. Ga.), ECF 181-1 at 25 & ECF 245-1 at ¶ 3 | 40,000,000 | 127,527 | ~0.3% |
| *Corona v. Sony Pictures Entertainment*, No. 2:14-cv-9600 (C.D. Cal.), ECF 145-1 at 11 n.8 & ECF 164 at 2 | 435,000 | 3,127 | ~0.7% |
| *Banner Health Data Breach Litigation*, No. 2:16-cv-2696 (D. Ariz.), ECF 170 at 1, and ECF 195-3 at ¶ 12 | 2,900,000 | 39,091 | ~1.3% |
| *Anthem, Inc. Data Breach Litig.*, No. 5:15-md-02617-LHK (N.D. Cal.), ECF 1007 at 4 & ECF 1007-6 at ¶ 2 | 79,200,000 | 1,380,000 | ~1.7% |
| **Cochran, et al. v. The Kroger Co., et al., No. 5:21-cv-01887-EJD (N.D. Cal.)** | **3,825,200** | **80,630** | **~2.1%** |
| *Adlouni v. UCLA Health Systems Auxiliary*, BC589243 (Cal. Sup. Ct.) | 4,500,000 | 108,736 | ~2.4% |
| *Experian Data Breach Litigation*, No. 8:15-cv-01592-JLS-DFM (C.D. Cal.), ECF 286-1 at 20 & ECF 309-3 at ¶ 8 | 14,931,074 | 436,006 | ~2.9% |
| *Sheth v. Washington State University*, No. 3:17-cv-05511 (W.D. Wash.) | 992,327 | 37,712 | ~3.8% |
| *Winstead v. ComplyRight*, No. 1:18-cv-4990 (N.D. Ill.) | 665,680 | 28,073 | ~4.2% |
| *Premera Blue Cross Customer Data Security Breach Litigation*, No. 3:15-md-2633 (D. Or.), ECF 273 at 12-13 & ECF 301 at ¶ 13 | 8,855,764 | 803,710 | ~9.1% |
| *Equifax Inc. Data Security Breach Litigation*, No. 1:17-md-2800 (N.D. Ga.), ECF 739-1 at 20 & ECF 900-4 at ¶ 5 | 147,000,000 | 15,000,000 | ~10.2% |

B.   **The Settlement Benefits Are Excellent**

The benefits of the Settlement are excellent and well within the range of benefits that have been approved in similar data breach cases. ECF No. 31, at 27. The benefits of the Settlement are also not the exclusive relief that Class Members are likely to receive as a result of the FTA Data

Breach. *Fehlen v. Accellion, Inc.*, No. 21-cv-1353, ECF No. 44 (N.D. Cal.) (motion for preliminary approval of class settlement with Accellion). Objector Counsel fail to account for any of the unique risks continued litigation posed. This includes the reality that if the case continued to be litigated, Kroger would argue that its payment of the ransom demand and subsequent efforts to secure the stolen PII leave Plaintiffs and the Class without cognizable injury and damages, and undercut the legal sufficiency of Plaintiffs' claims. The Objection should be overruled on this basis alone.

The Objection selectively distinguishes a handful of comparable data breach settlements cited in Plaintiffs' Motion for Preliminary Approval, but ignores other settlements, including ones that are highly factually similar to this case. For example, they ignore *In re Hanna Andersson and Salesforce.com Data Breach Litigation*, No. 3:20-cv-00812 (N.D. Cal. Nov. 19, 2020), ECF No. 60-1, a recent CCPA settlement that provided a $400,000 fund for a class of 200,000 individuals whose information was breached and the settlement released claims against both defendants.

Finally, Class Members' right to opt-out of the Settlement was sufficient to protect the interests of Class Members who believe they are entitled to more or different benefits. *See, e.g., Eisen v. Porsche Cars of N.A., Inc.*, No. 2:11-cv-09405-CAS (FFMx), 2014 WL 439006, *8 (C.D. Cal. Jan. 30, 2014) ("Federal courts routinely hold that the opt-out remedy is sufficient to protect class members who are unhappy with the negotiated class action settlement terms.").

**C.     The Objection Does Not Comply With the Requirements of the Preliminary Approval Order**

Even though the very relaxed objection requirements for this case were clearly described in the Preliminary Approval Order, Objector Counsel failed to provide the objector's addresses and phone numbers. This was no slip. These requirements exist for good reason. By failing to comply with these requirements, Objector Counsel made it unnecessarily more difficult to verify the class membership of each objector and to examine whether any objectors had inappropriate relationships to Objector Counsel that would be suggestive of a lawyer-driven objection.

For example, Objector Martin Pinales appears to be an attorney formerly associated with Strauss & Troy, one of the law firms representing him. *See, e.g., U.S. v. 1988 BMW*, 9-cv-00436,

ECF No. 8 (S.D. Ohio) (motion signed by Martin Pinales then of Strauss & Troy). Such a relationship raises a serious question about the motivations behind the Objection by itself. *In re Netflix Privacy Litig.*, No. 5:11-CV-00379-EJD, 2013 U.S. Dist. LEXIS 168298, at *6 (N.D. Cal. Nov. 25, 2013) (observing that the relationship between an objector and his or her counsel may affect the merits of an objection or reasons for objecting). Here, the motivation of Objector Counsel is and was clear: self-interest by lawyers who regret that they were not appointed as class counsel.

### D. Objector Counsel's Speculation Regarding the Value of Cash Fund Payments is Wrong

Objector Counsel provide a detailed analysis of how they would estimate the value of Cash Fund Payments ("very little money, and perhaps nothing"). They did so without the benefit of facts. Their analysis relies on unexplained conjecture, such as concluding that Documented Loss Payments would cost the Settlement Fund $1.5 million or that the Settlement Fund will pay $1.5 million for the CMIS Settlement Benefit.

These conclusions are plainly false when compared to the actual results of the notice and claims process here. Castillejos Decl. ¶¶ 4-5. Objector Counsel's analysis is completely wrong. With the March 5, 2022 Claims Deadline just days away, the Claim Period has nearly come to a close. Actual distributions (estimated as of March 2, 2022 and assuming $980,000 in Administration Expenses, and also assuming that the Court awards $4,500 in Service Payments and $1,250,000 in attorneys' fees and expenses) are as follows:

| *Cochran v. Kroger* Estimated Settlement Distribution Analysis | | |
|---|---|---|
| Settlement Fund | $ | 5,000,000 |
| Less: Attorneys' Fees | $ | 1,231,628 |
| Less: Attorneys' Expenses | $ | 18,372 |
| Less: Class Rep. Service Awards | $ | 4,500 |
| Less: Administration Expenses | $ | 980,000 |
| Net Settlement Fund ("NSF") | $ | 2,753,692 |
| CMIS Costs | $ | 239,824 |
| NSF Less CMIS Costs | $ | 2,513,868 |
| | | |
| Documented Loss Payments | $ | 10,000 |
| Cash for Cash Fund Payments | $ | 2,503,868 |

*Id.* As of March 2, 2022, there are 3,501 claims for the Cash Fund Payment filed by California residents and 62,136 filed by non-California residents. *Id.* ¶ 5.d. Pursuant to paragraph 76.b. of the Settlement Agreement, and using these estimate figures, the Cash Fund Payment for each California Class Member will be approximately $72, and $36 for non-California Class Members. *Id.* ¶ 5.e.

These payments are squarely within the range Class Counsel estimated during preliminary approval. ECF No. 31 at 9 (estimating that with a 2% claim rate, California Claimants will receive approximately $74 and non-California Claimants will receive approximately $37). The bizarre and conspiratorial predictions of Objector Counsel are just flat wrong. Instead, the Settlement worked exactly as anticipated.

## V.   CONCLUSION

Plaintiffs have demonstrated that the settlement is fair, reasonable, and adequate. For the foregoing reasons, and the reasons set forth in the Motion for Final Approval filed in this Action (ECF No. 104), Plaintiffs respectfully request that the Court again overrule the sole Objection filed in this matter, in its entirety, and finally approve the proposed Settlement.

Dated: March 4, 2022

**AHDOOT & WOLFSON, PC**

By: */s/ Tina Wolfson*
TINA WOLFSON (SBN 174806)
ROBERT AHDOOT (SBN 172098)
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Telephone: 310.474.9111

ANDREW W. FERICH (*pro hac vice*)
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone: 310.474.9111

BEN BARNOW (*pro hac vice*)
b.barnow@barnowlaw.com
ANTHONY L. PARKHILL (*pro hac vice*)
aparkhill@barnowlaw.com
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Suite 1630
Chicago, IL 60606
Telephone: 312.621.2000

*Attorneys for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4 , 2022, I caused to be filed the foregoing document. This document is being filed electronically using the Court's electronic case filing (ECF) system, which will automatically send a notice of electronic filing to the email addresses of all counsel of record.

Dated: March 4, 2022                  /s/ Tina Wolfson
                                      Tina Wolfson

PLAINTIFFS' RESPONSE TO OBJECTION