TINA WOLFSON (SBN 174806)
twolfson@ahdootwolfson.com
ROBERT AHDOOT (SBN 172098)
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Tel: 310.474.911; Fax: 310.474.8585

ANDREW W. FERICH (admitted *pro hac vice*)
aferich@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Tel: 310.474.9111; Fax: 310.474.8585

BEN BARNOW (admitted *pro hac vice*)
b.barnow@barnowlaw.com
ANTHONY PARKHILL (admitted *pro hac vice*)
aparkhill@barnowlaw.com
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Suite 1630
Chicago, IL 60606
Tel: 312-621-2000; Fax: 312-641-5504

*Class Counsel for Plaintiffs and the Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RICKY COCHRAN, ALAIN BERREBI, and JARAMEY STOBBE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>THE KROGER CO. and ACCELLION, INC.,<br><br>　　　　　　　Defendants. | Case No. 5:21-cv-01887-EJD<br><br>**PLAINTIFFS' NOTICE OF FILING [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**<br><br>DATE:　March 24, 2022<br>TIME:　9:00 A.M.<br>JUDGE:　Hon. Edward J. Davila<br>CTRM:　4, 5th Floor |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that Plaintiffs respectfully submit the following documents for the Court's consideration in connection with their motion for final approval of the Settlement and motion for attorneys' fees, reimbursement of expenses and award of class representative service payments in this matter (ECF Nos. 104, 105):

1. [Proposed] Order Granting Final Approval of Settlement and Awarding Attorneys' Fees, Expenses, and Service Payments; and

2. [Proposed] Judgment

DATED: March 23, 2022                    Respectfully submitted,

*/s/ Tina Wolfson*
TINA WOLFSON (SBN 174806)
twolfson@ahdootwolfson.com
ROBERT AHDOOT (SBN 172098)
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Tel:  310.474.9111; Fax:   310.474.8585

ANDREW W. FERICH (admitted *pro hac vice*)
aferich@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Tel:  310.474.9111; Fax: 310.474.8585

BEN BARNOW (admitted *pro hac vice*)
b.barnow@barnowlaw.com
ANTHONY L. PARKHILL (admitted *pro hac vice*)
aparkhill@barnowlaw.com
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Suite 1630
Chicago, IL 60606
Tel: 312-621-2000; Fax: 312-641-5504

*Class Counsel for Plaintiffs and the Class*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICKY COCHRAN, ALAIN BERREBI, and JARAMEY STOBBE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THE KROGER CO. and ACCELLION, INC.,<br><br>Defendants. | Case No. 5:21-cv-01887-EJD<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND AWARDING ATTORNEYS' FEES, EXPENSES, AND SERVICE PAYMENTS**<br><br>JUDGE:  Hon. Edward J. Davila<br>CTRM:   4, 5th Floor |

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF SETTLEMENT**

The Court having held a Final Fairness Hearing on March 24, 2022, at 9:00 a.m., in the Courtroom of The Honorable Edward J. Davila, United States District Court for the District of the Northern District of California (San Jose Division), Robert F. Peckham Federal Building, 280 South 1st Street, Courtroom 4 – 5th Floor, San Jose, California 95113, and having considered all matters submitted to it at the Final Fairness Hearing and otherwise, and finding no just reason for delay in entry of this Order, and good cause appearing therefore, and having considered the Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees and Reimbursement of Expenses, and For Award of Class Representative Service Payments, all other papers filed and proceedings held in connection with the Settlement, the relevant law, all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members. Venue is proper in this Court.

2. This Order incorporates and makes a part hereof: (a) the Class Action Settlement Agreement and Release dated June 19, 2021, including the definitions in the Settlement Agreement and (b) the Notices attached as Exhibits thereto, respectively, all of which were filed with the Court on June 30, 2021, and supplemented on September 15, 2021 and October 28, 2021. All terms used in this Order have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

3. <u>Certification of the Settlement Class for Purposes of Settlement</u>. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies, solely for purposes of effectuating the Settlement, this Action as a class action on behalf of a Settlement Class defined as: all residents of the United States who were notified by The Kroger Co. that their PII was compromised as a result of the FTA Data Breach. Excluded from the Settlement Class are: (1) the Judges presiding over the Action, and members of their families; (2) the Defendant Kroger, their subsidiaries, parent companies, successors, predecessors, any entity in which the Defendant Kroger or their parents have a controlling

interest, and their current or former officers and directors; (3) Persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period, i.e., within 75 days of the Notice Date; and (4) the successors or assigns of any such excluded Persons (the "Settlement Class").

4.     <u>Class Representatives</u>. Plaintiffs Alain Berrebi, Ricky Cochran, and Jaramey Stobbe ("Class Representatives") have adequately represented the Settlement Class and are hereby appointed, for settlement purposes only, as representatives for the Settlement Class for purposes of Rule 23 of the Federal Rules of Civil Procedure.

5.     <u>Class Counsel</u>. Tina Wolfson, Robert Ahdoot, and Andrew W. Ferich of Ahdoot & Wolfson, PC, and Ben Barnow and Anthony L. Parkhill of Barnow and Associates, P.C., have adequately represented the Settlement Class and are hereby appointed, for settlement purposes only, as counsel for the Settlement Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

6.     <u>Class Notice</u>. The Court finds that the dissemination of the Notices attached as Exhibits to the Settlement Agreement and as supplemented:

(a)   was implemented in accordance with the Preliminary Approval Order;
(b)   constituted the best notice practicable under the circumstances;
(c)   constituted notice that is appropriate, in a manner, content, and format reasonably calculated, under the circumstances, to apprise Settlement Class Members of:
   (i)    the pendency of the Action;
   (ii)   their right to submit a claim (where applicable) by submitting a Claim Form;
   (iii)  their right to exclude themselves from the Settlement Class;
   (iv)   the effect of the proposed Settlement (including the Releases to be provided thereunder);
   (v)    Class Counsel's motion for an award of attorneys' fees and expenses and for Service Awards to the Class Representatives;
   (vi)   their right to object to any aspect of the Settlement, and/or Class Counsel's motion for attorneys' fees and expenses and Service Awards to the Class Representatives; and
   (vii)  their right to appear at the Final Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and
(e)   satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

7. <u>Class Action Fairness Act Notice</u>. The notice to government officials, as given, complied with 28 U.S.C. § 1715.

8. <u>Objections</u>. There was only one objection filed with the Court. The Court has considered the sole objection to the Settlement pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that the objection is without merit, and it is hereby overruled.

9. <u>Final Settlement Approval and Dismissal of Claims</u>. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation: the consideration provided for in the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. When the parties negotiate a settlement agreement before the class has been certified, the Court conducts a more probing inquiry to assure the settlement meets the heightened fairness standard. Pursuant to Federal Rule of Civil Procedure 23(e)(2), and following a hearing and rigorous scrutiny of the Settlement, the Court finds that:

> **Fed. R. Civ. P. 23(e)(2)(A)**: Plaintiffs and Class Counsel have adequately represented the Settlement Class, without conflicts, and including active participation in investigation, pleadings, motion practice, confirmatory discovery, and settlement negotiations. Based on the stage of the proceedings—and the amount of investigation and informal discovery conducted and mediation—Class Representatives and Class Counsel had a well-developed perspective of the strengths and weaknesses of their respective cases in order to "make an informed decision about settlement." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998));

> **Fed. R. Civ. P. 23(e)(2)(B)**: The Settlement was negotiated at arm's length. There is no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of several months and following mediation with a respected mediator, warranting a presumption in favor of approval. *See, e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a

- 3 -

neutral mediator is a factor weighing in favor of a finding of non-collusiveness). Moreover, Class Counsel is not receiving a disproportionate distribution of the Settlement, there is no "clear sailing" agreement, and the Settlement is non-reversionary. *See id*. at 947;

**Fed. R. Civ. P. 23(e)(2)(C)**: The relief provided for the Settlement Class Members is fair, reasonable, and adequate taking into account: (i) the expense, risks, and likely duration of and delay caused by trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; and (iii) the terms and timing of the proposed award of attorneys' fees and reimbursement of costs and other expenses, as well as the Service Award to each of the Class Representatives.

**Fed. R. Civ. P. 23(e)(2)(D)**: The Court finds that the Settlement and the proposed method of distributing relief to the Settlement Class members, including the method of processing Claims, is fair, reasonable, and adequate, and treats Class Members equitably relative to each other.

The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

10. <u>Dismissal with Prejudice</u>. The Action is hereby dismissed with prejudice as to Kroger only. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

11. <u>Binding Effect</u>. The terms of the Settlement Agreement and of this Final Order and Judgment shall be forever binding on Kroger, Plaintiffs, and all Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form, seeks or obtains a Settlement benefit, or objected to the Settlement), as well as their respective successors and assigns.

12. <u>Opt-Outs</u>. The persons listed on **Exhibit 1**, attached hereto and incorporated by this reference, submitted timely and proper Requests for Exclusion, are excluded from the Settlement Class, and are not bound by the terms of the Settlement Agreement or this Final Order and Judgment.

13. <u>Releases</u>. The Releases set forth in Paragraphs 57-59 of the Settlement Agreement are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

Accordingly, this Court orders pursuant to this Order, without further action by anyone, upon the Effective Date of the Settlement, and as provided in the Settlement Agreement, that Plaintiffs and each and every member of the Settlement Class shall have released the Released Claims against the Released Parties. Notwithstanding the foregoing, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Order.

14. <u>Future Prosecutions Barred</u>. The Plaintiffs and all Class Members are hereby barred and permanently enjoined from instituting, asserting, or prosecuting any or all of the Released Claims against any of the Released Parties.

15. <u>No Admission of Liability</u>. The Court hereby decrees that the Settlement, this Order, and the fact of the Settlement do not constitute admissions or concessions by Defendant of any fault, wrongdoing, or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant or any of the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

16. <u>Retention of Jurisdiction</u>. Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, consummation, and enforcement of the Settlement; (b) the administration of this Settlement, including any distributions made pursuant to the Settlement; (c) the Settlement Class Members for all matters relating to the Action; and (d) the Action, until the Effective Date and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement Agreement, including the exhibits appended thereto. To avoid doubt, this Order applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

17. <u>Attorneys' Fees and Expenses</u>. Class Counsel are awarded attorneys' fees in the amount of $1,231,628, and reimbursement of expenses in the amount of $18,372, and such amounts shall be paid by the Settlement Administrator pursuant to and consistent with the terms of the Settlement.

18. <u>Service Awards</u>. The Class Representatives are each awarded a Service Award in the amount of $1,500, and such amounts shall be paid by the Settlement Administrator pursuant to and consistent with the terms of the Settlement Agreement.

19. <u>Modification of the Agreement of Settlement</u>. Without further approval from the Court, Plaintiffs, by and through Class Counsel, and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs, by and through Class Counsel, and Defendant may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

20. <u>Termination of Settlement</u>. If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Plaintiffs, Settlement Class Members and Defendant, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective litigation positions in the Action immediately prior to the execution of the Settlement Agreement.

**IT IS SO ORDERED:**

Date: _____ March 24, 2022

_____
HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

Opt Out List
Cochran v. Kroger
Case No. 5:21-cv-01887

| Tracking_Number | First_Name_1 | Middle_Name_1 | Last_Name_1 |
|---|---|---|---|
| 637052 | GLENDA | | GARRISON |
| 328234 | BENNETT | | YOUNG |
| 1544939 | TAERA | | JONES |
| 2041466 | JANETTE | | AMEZQUITA |
| 2736438 | CHRIS | | SCHNEIDER |
| 2743462 | DENNIS | | PERRY |
| 3154605 | RACHEL | | PERRY |
| 1517311 | CAMERON | | MCGARR |
| 3614339 | SETH | | TILLEY |
| 1047251 | LINDA | | GADDIS |
| 1072486 | KEVIN | | MCKENNEY |
| 1143545 | OLA | | MULLIKIN |
| 3136760 | SHERRI | | ARNETT |
| 904177 | JOHNNIE | | SMITH |
| 297187 | LILLIAN | | SMITH |
| 333744 | REX | | HAHN |
| 1113447 | JAMES | | COX |
| 1410570 | ROBERT | | SELLERS |
| 3841756 | DAVID | | KERN |
| 1441595 | MICHAEL | | DAVIS |
| 770209 | THOMAS | | CHUPP JR |
| 59623 | DONNA | | CHUPP |
| 3836969 | BARRY | K | ROBINSON |
| 3255999 | CINDY | | BEVIS |
| 179699 | MARGARET | | ROBINSON |
| 782940 | CAROLYN | | ROBBINS |
| 2735456 | ADRIAN | | BROTHERS |
| 445081 | SUSAN | | KOCHAN |
| 248219 | PATRICIA | | HOUSE |
| 2232261 | ELLY | | WILLS |
| 1264215 | DAVID | | JENSEN |
| 789767 | MARIE | | CRISCI |
| 237170 | SHEILA | | LOWE |
| 3224809 | DONALD | | WYATT |
| 2507830 | JOHNATHAN | | WOODY |
| 1303669 | MARY | | TREMAIN |
| 2777068 | RAE | | E WYATT |
| 852197 | TONJA | | GRANTHAM |
| 1555390 | CHRISTOPHER | M | COLE |
| 407167 | BARBARA | | JUNE PARKER |
| 1185886 | THEODORE | | PETERSON |
| 438005 | JUDITH | F | KASTER |
| 656888 | VICKI | | LODEN |
| 227343 | JANICE | | PAYTON |
| 517559 | LINDA | | SHAW |
| 2933111 | JOSEPH | | BENNETT |
| 111591 | LINDA | | FULLER |
| 2662355 | ELIZABETH | | MCCALLEN |
| 1941077 | JORGE | | BAILON |
| 278264 | BONNIE | | LOSSIE |
| 1209421 | PAMELA | | VINCENT |
| 907101 | ANGELA | | BRIDGES |
| 507016 | JOHN | | BOSWELL |
| 734312 | PATRICIA | | KEENEY |
| 734317 | LINDA | | LAWSON |
| 2119035 | EMANUEL | | GALES |
| 653489 | PHILIP | | FARMER |
| 734346 | LYN | | HENDREN |
| 2042170 | MONIQUE | | WASHINGTON |
| 747803 | BARBARA | | DASH |
| 188096 | EDWARD | | DASH |
| 58239 | GLENDA | | BURGESS |
| 2076158 | ROBERT | | MEDLEY |
| 3039595 | TIMOTHY | | KINSER |
| 398710 | SHERRY | | SEABOLT |
| 3658629 | LAURA | | HAMILTON |
| 3280687 | BENNETT | | YOUNG |
| 593203 | DOUGLAS | | JOHNSON |
| 2254154 | SHARON | | EBACH |
| 2228710 | JAMES | | NELSON |
| 1974318 | EMILY | | JAMISON |
| 1243353 | CHERYL | | CARR |
| 2573721 | HANNAH | | FOWLER |
| 1820640 | GRACE | | HIPPER |
| 2293889 | GLENN | | MILLER |
| 2108266 | WILLIAM | | MCMULLIN |
| 3415475 | GARY | | HUBER |
| 3839884 | BARBARA | | PETERSON |
| 454362 | DORIS | | LAMOTHE |
| 3535571 | JIMMY | L | DAVIS |
| 2520031 | JUANITA | | STINSON |
| 1906998 | NANCY | | LOWERY |
| 744393 | CONSTANCE | | BELLIOS |
| 1027608 | MARIA | | KASHNER |
| 3087889 | SAMMY | | TAYLOR |
| 3305345 | BRITTANY | | TERRILL |
| 1278806 | WENDY | | WARMOTH |
| 2091048 | DESHAWN | | DUNLAP |
| 419500 | ROSA | | MARSHALL |
| 788425 | JULIA | | BAKER |
| 148808 | ANTHONY | | SOLINSKI |
| 684545 | BEATRICE | | SOLINSKI |
| 769821 | ARLENE | | WOTTRICH |
| 3664480 | MARK | | WEISS |
| 1051894 | DUANE | | GRANTHAM |
| 3610663 | ANNETTE | | SWAIN |
| 1295003 | JUDY | | DEANE |
| 560797 | HELEN | | DEANE |
| 901343 | BARBARA | | PATT |
| 1907851 | REBEKAH | | BAIN |